OVERTON, J.
 

 Defendant was indicted for murdering Alfred Scales. He was found guilty as charged, and was sentenced to death. He relies upon four bills of exceptions for relief.
 

 Bill No. 1 pertains to the relevancy of certain evidence. The bill does not disclose error in the ruling of the court. Bill No. 4 was reserved to the overruling of a motion for a new trial, and presents nothing, not otherwise presented, which we may review. Bill No. 2 was reserved to the following special charge, given to the jury at the request of the state, to wit:
 

 “Gentlemen of the jury, I charge you that a man whose wife or family is wrongfully assaulted has a legal right to repel the assailant with such force as he deems necessary to prevent the assault. And if the man’s wife, or a member of his family is assaulted, and, while attempting to repel the assailant, the father or husband be killed, such assailant should be guilty of murder.”
 

 The first sentence, in the special charge given, contains error in that the jury was instructed that one whose wife or family is wrongfully assaulted has 'the right to use such force as he may deem necessary to prevent the assault. The error lies in using the expression, “Such force as he deems necessary.” The charge recognizes too great a right in the one seeking to prevent the attack. The force that he might deem necessary no ordinary man, under the circumstances, might deem such. The court instead, if it found it proper to charge concerning the matter, should have instructed the jury that the one seeking to prevent the wrongful attack had the right to use such force as would appear.necessary to an ordinary man so situated. This error was prejudicial to the accused. Moreover, the closing sentence of the special charge also contains error prejudicial to him. It will be observed by reference to it that the court charged the jury,. as a matter .of law, that, if one is killed, whose wife or other member of his family is assaulted, while the person killed was attempting to repel the assailant, the latter would be guilty of murder. The court should not have charged that the killing, under these circumstances, would be murder. It might be only manslaughter. It might well be, for instance, that the assault was wrongful, but provoked by the wife or other member of the family, and that the one attempting to repel the assailant, making the assault so provoked, was killed in the heat of passion, in which event the homicide would not be of a higher degree than manslaughter. The court should have left it to the jury, under proper instructions, to say, if they found that the homicide was unlawful, whether, under all the facts and circumstances of the case, it was murder or manslaughter. Because of these errors it will be necessary to set aside the verdict and the sentence, and to remand the case.
 

 After defendant had objected to the foregoing charge and reserved a bill to the giving of it, he requested the court to sup
 
 *423
 
 plement the charge by adding thereto that “A man is not entitled to this protection when protecting a paramour.” The court refused to give the instruction. It is our opinion that defendant was not entitled to have the instruction given. Where the person attacked is free from fault in provoking the attack, any one has the right to interfere for the purpose of resisting it. Any one may do for another what another may do for himself. 1 Bishop’s New Criminal Law, § 877; Clark’s Criminal Law, p. 147. The mere fact that the one sought to be protected from the unlawful attack is the paramour of the one who interferes to resist the attack does not alter the rule.
 

 For the reason assigned, the verdict and the sentence appealed from are annulled and set aside, and this case is remanded to be proceeded with according to law.