**62 So.2d 114**

**STATE v. RONE.**

No. 40857.

Nov. 10, 1952.

Isaac Wahlder, Alexandria, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ben F. Thompson, Dist. Atty., and Geo. M. Foote, Asst. Dist. Atty., Alexandria, for appellee.

MOISE, Justice.

Defendant was prosecuted for the murder of Frank Berry, Jr. He was found guilty without capital punishment and sentenced to life imprisonment.

· Defendant was the concubinus of Emma Ford, mother of Texia Berry. Frank Berry, Jr., a cripple, was the divorced husband of Texia Berry. He had been requested to stay away from the home owned and occupied by Emma Ford and Texia Berry. On the night of his death, he had gone into the home of the two women. The defendant was in the premises at the time. A quarrel developed, and the two women left the house. Frank Berry, Jr. also left the house. He was followed and shot by the defendant on the outside.

The defense urged, but the record does not disclose the proof, that the deceased had a gun on his person. It is also stated that Texia Berry was hit on the head by Frank Berry, Jr., and that defendant shot in the defense of Texia Berry and in the defense of habitation.

The evidence was not transcribed, and the facts are ascertained only from the per curiams of the trial judge.

The errors of which defendant complains are set out in ten bills of exception.

All of these bills, though mentioned and found in the record, are not urged by the defendant, nor were we favored with an oral argument, defendant counsel having made no appearance in court. In his brief, defendant urges only Bills Nos. 8 and 9. Even though bills not mentioned are considered as abandoned—State v. Ducre, 173 La. 438, 137 So. 745 and State v. Simpson, 216 La. 212, 43 So.2d 585, we shall discuss all bills taken by defendant.

Bill No. 1 was urged to the ruling of the trial court in overruling defendant's motion to quash the indictment. The per curiam of the trial judge shows that this motion was not timely filed, the deadline date of filing being March 3, and the motion not having been filed until March 11, 1952. There is no merit to this bill.

Bills Nos. 2 and 3 were reserved to the ruling of the trial judge on certain questions propounded to the prospective jurors. The defendant, not having exhausted his challenge, LSA–R.S. 15:353, cannot complain of any ruling sustaining or refusing a challenge for cause unless his peremptory challenges shall have been exercised before the completion of the panel.

Bill No. 4 was taken to the court's refusal to permit counsel for defendant to read and argue law in his opening statement. This bill is without merit.

Bill No. 5 was taken to the sustaining of the State's objection to a certain question propounded to a witness for the State on cross-examination. The facts are so meagre we cannot decide whether the testimony sought to be brought out was proper or merely collateral to the issue. Therefore, we cannot say that the judge has committed any error.

Bills Nos. 6 and 7 were taken to the overruling of objections to a certain question propounded by counsel for the State to two witnesses. This question reads:

"Q. Did Emma Ford, the night of the shooting, after she had gone to the clinic, make the statement that she had told Roosevelt Rone that evening that if she wasn't a woman and weak and knew how to shoot a gun she would take care of Frank Berry herself if he came around making trouble, and that she told you officers that she made this statement at the time she was taking a gun out of the dresser and putting it on the bed and that this statement to Roosevelt Rone was made in the presence of Texia?"

We believe that the trial judge was correct in permitting the questions to be answered, because an answer to such questions was necessary to sustain the proof on the part of the State.

Bill No. 8 was taken to the refusal of the trial judge to give the following requested special charges to the jury:

"1. 'Self defense is not a special plea. It comes under the general issue tendered by the plea of not guilty. The

defendant does not bear the burden of proof that he or she acted in self-defense. The state has to prove beyond a reasonable doubt that the homicide was committed feloniously and therefore not in self defense.'

"2. 'It is well established that the burden is not on the defendant to prove the plea of self-defense, but is on the state to prove that it was not in self-defense. * * * If the homicide was in self-defense, it was not felonious, but justifiable; and since the state must prove its feloniousness beyond a reasonable doubt, any such doubt as to whether it has done so, entitles the accused to an acquittal. Evidence of self-defense, when offered, is for the purpose of rebutting the evidence produced by the state to show that the homicide was felonious, and when considered in connection with it, if it should leave a reasonable doubt as to whether the homicide was felonious, that doubt entitles the accused to an acquittal.' State v. Scarborough, 152 La. 669 [94 So. 204, 207].

"3. If from the evidence you find that the deceased had been previously ordered to stay away from the premises where he met his death, that is, he was in the nature of a trespasser, then the doctrine of 'aggressorship' in respect generally to that of 'self defense' should be relaxed. In other words, there is a difference between the case of a person, who having no immediate cause of provocation himself, should originate a difficulty which, in its after phases, would lead to his killing the person whom he led into it, and that of a man who is confronted with a trespasser or one who has been ordered away from the premises and who enters the premises in a condition of frenzy. State v. Cancienne, 50 La. Ann. 847 [24 So. 134].

"4. The defendant ordinarily must use any means of escape which is open. In other words, if he can retreat striking is unnecessary and unjustifiable. But he need only retreat as far as his safety allows and need not retreat at all if unreasonable regard for his safety requires him to stand his ground. Under some circumstances it has been held that the defendant may advance and pursue his adversary. And in some cases, as for example where the defendant is attacked in his own home, he is not obliged to retreat even though a retreat would be practical from a standpoint of personal safety. 16 Tulane Law Review 613. State v. Poole, 156 La. 434 [100 So. 613].

"5. Where the person attacked, though the paramour of the accused is free from fault in provoking the attack, the accused had the right to interfere for the purpose of resisting it. Any one may do for another what another may do for herself. The mere fact

that the one sought to be protected from the unlawful attack is the paramour of the accused does not alter the rule. State v. Johnson, 164 La. 420 [114 So. 82.]

"6. The fact that the deceased, Frank Berry, forced himself into the home of Emma Ford, paramour of the accused, was such overt act so as to give the accused the right to plead self-defense, and such evidence of prior threats by the deceased against the life of the accused. State v. Rideau, 116 La. [245] 246 [40 So. 691].

"7. 'Accused was justified in killing if it reasonably appeared necessary in order to prevent latter from killing or inflicting great bodily injury, entering habitation owned by accused's paramour with apparent intention to commit crime of violence. The fact that the habitation was that of his paramour rather than his wife makes no difference in his right to protect the habitation under the circumstances.

"8. 'The entering of the home of the accused's paramour after he had been repeatedly ordered to remain away, constitutes breaking and entering, particularly if done in the nighttime and is a felony.

"9. 'A man may interfere for purpose of resisting attack on another, though such other is his paramour, since any one may do for another what another may do for himself.' "

This bill is without merit. The charges requested are confusing, and we believe that the general charge presents the case without any confusion to the jury.

The charge of the court is in this record. It is comprehensive and complete and covers the law and all of the issues of the case and the law pertinent to the plea of self-defense. It has included, as a matter of substance all of the specific charges requested. To have included them in the language requested would only serve to have confused the jury. State v. Fuller, 218 La. 872, 51 So.2d 305. See also, State v. Terrell, 175 La. 758, 144 So. 488.

Act No. 2 of 1928, Sec. (1), Article 390 of the Louisiana Code of Criminal Law and Procedure, LSA–R.S. 15:390 provides:

"The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation."

The trial judge complied with the law when he used in his general charge the following language:

"The defendant has interposed the plea of self-defense. For an accused

to avail himself of this defense the accused must be free from bringing on the difficulty as one cannot provoke a difficulty and then plead self-defense. However, if the accused did not provoke the difficulty and entertained a reasonable belief on the surrounding circumstances that it was necessary to kill the deceased in order to save his own life or to prevent great bodily harm, then the killing would be justifiable homicide and the accused would not be guilty of murder or manslaughter. However, that reasonable belief must be based upon a hostile demonstration by the deceased or on a physical attack which would reasonably justify the accused in believing that his life was about to be taken or that he was about to receive great bodily harm.

"I charge you further that it is justifiable, and, therefore, excusable, to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, under the law I have already charged you, and when it is reasonably believed that such intervention is necessary to protect the other person. A homicide committed under such circumstances is neither murder nor manslaughter."

Special charges Nos. 1, 2, 5 and 9 were correctly refused because they are incorporated in the general charge. State v. Fuller, supra.

Special charges Nos. 3 and 4 are refused because they are covered by the general charge, and there is no need of repetition.

Special charge No. 6 is refused for the reason that the same is not applicable. When counsel for defendant in a criminal case asks the court to give special instructions to the jury, they must be such as are correct under the statement of the facts as disclosed by the evidence. State v. Pellerin, 118 La. 547, 43 So. 159 and State v. Robertson, 133 La. 806, 63 So. 363.

Special charge No. 7 as shown by the per curiam is confusing for the reason that the same is not applicable.

Special charge No. 8 is refused because it was an improper statement of the law.

Bill of Exception No. 9 was taken to the refusal of the trial judge to instruct the jury as to the law of "Defense of Habitation."

The trial judge stated that the evidence failed completely to show that the homicide was committed in defense of habitation, and that counsel for the defendant did not present to the court, prior to the argument, any special charge in writing treating with the "Defense of Habitation."

The entire testimony was not transcribed. As to Bill No. 9, we find no error patent on the face of the record.

Article 391 of the Louisiana Code of Criminal Law and Procedure LSA-R.S. 15:391, provides:

"Every objection to the charge given, or to a refusal to charge as requested, or to a refusal to give the charge in writing, shall be by means of a bill of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and the bill of exceptions shall be accompanied by such a statement of facts as shall show the error in the charge given, or in the refusal to charge as requested, or that the request to give the charge in writing was refused."

The above article indicates that the charge should be in writing.

" * * * But since the requested charge was not in writing, this court is not in a position to determine its nature or whether it was applicable to the facts of the case. * * *" State v. Dooley, 208 La. 203, 23 So.2d 46, 49.

"In the absence of a statement of facts which shows the error complained of, this court will presume that none such existed and will not disturb the ruling of the trial court." State v. Linam, 175 La. 865, 144 So. 600, 602.

"When counsel for defendant in a criminal case asks the court to give special instructions to the jury, they must be such as are correct under the state of facts disclosed by the evidence." State v. Pellerin, 118 La. 547, 43 So. 159, 163.

■ Since the defendant did not have the testimony transcribed, and the jurisdiction of this Court extends only to questions of law, Article VII, Sec. 10, La. State Constitution of 1921, we are bound by the finding of the trial judge that the evidence failed to show that the homicide was committed in defense of habitation.

Bill of Exception No. 10 was taken to the trial judge's refusal of a new trial. Defendant alleges that the verdict is contrary to the law and the evidence. The motion was overruled.

■ It is well settled that such motions present nothing for review. State v. McKee, 170 La. 630, 128 So. 658; State v. Layton, 180 La. 1029, 158 So. 375; State v. Broussard, 202 La. 458, 12 So.2d 218.

The motion likewise states that the Court erred because it had refused the request that the jury be charged with the law of "Defense of Habitation." This issue has already been covered under the discussion of special charges requested.

Failing to find any error of law, this Court has no alternative than to affirm the judgment of the trial court.

Judgment affirmed.