**Martin GUERRERO, Jr., Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 24419.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1967.

Martin Guerrero, Jr., pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant sought a writ of habeas corpus in the district court, where he alleged that his conviction of murder in the 175th District Court of Bexar County, Texas, was the result of the prosecution withholding evidence favorable to his defense, and further was the result of the knowing use of perjured testimony. The writ was denied without a hearing, and this appeal was brought.

Petitioner has alleged that an eyewitness, important to the case against him, initially had failed to identify petitioner in a police line-up, and that the State suppressed this information at the trial. He further alleged that that witness' subsequent identification of petitioner was the result of "prompting" from the State's attorney. The petitioner also asserted that the State had withheld tape recordings of conflicting statements made by prosecution witnesses, as well as expert opinion that would have favored the defense. There is no recorded transcript of the trial. Petitioner previously has been unsuccessful in seeking habeas corpus in the courts of Texas.

The deliberate suppression by the State of evidence favorable to a defendant would constitute a denial of due process. Alcorta v. State of Texas, 1957, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; Ashley v. State of Texas, 5 Cir. 1963, 319 F.2d 80; United States ex rel. Thompson v. Dye, 3 Cir. 1955, 221 F.2d 763.

Similarly, the knowing use of perjured testimony would be a denial of due process. Alcorta v. State of Texas, supra; Ashley v. State of Texas, supra; United States v. Rutkin, 3 Cir. 1954, 212 F.2d 641.

■ Petitioner's allegations, if proven, would entitle him to release from his present custody. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791. He must be given the opportunity to establish the truth of the circumstances alleged. This case, therefore, must be remanded for a plenary hearing in the district court.

Reversed and remanded.