**William H. JAMES, Petitioner-Appellant,**

**v.**

**S. Lamont SMITH, Warden, Georgia State Prison, et al., Respondents-Appellees.**

**No. 71-2639**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1972.

---

\* ■ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

whether the circumstances of the case require that there be "specific performance" of the agreement on the plea.

The appeal of the appellant in the case at bar presents a similar set of issues. Consequently, in light of *Santobello* and for whatever further evidentiary proceedings may be deemed warranted, we remand this case to the district court for reconsideration.

Vacated and remanded for further proceedings.

---

William H. James, pro se.

Arthur K. Bolton, Atty. Gen., of Ga., William F. Bartee, Jr., Courtney Wilder Stanton, Ass't. Attys. Gen., Atlanta, Ga., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The instant appeal is from the denial of habeas corpus relief. Appellant's claim for relief is based on the asserted failure of the state to live up to a "plea bargain." The district court denied relief without an evidentiary hearing, relying upon the record of appellant's state court proceedings, supplemented by affidavits from the prosecuting and defense attorneys at his trial.

On December 20, 1971, the Supreme Court rendered its decision in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, which involved the validity of a guilty plea obtained through a plea bargaining process. There the judgment was vacated and the case remanded to the state court to determine

