**Kinnard COPELAND, Petitioner-Appellant,**

v.

**Dr. George BETO, Director, Respondent-Appellee.**

No. 71–3618.

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1973.

---

R. J. Piro, Houston, Tex., Court-appointed for purposes of appeal, for petitioner-appellant.

Crawford Martin, Atty. Gen., Max P. Flusche, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before DYER, Circuit Judge, SKELTON, Judge,* and INGRAHAM, Circuit Judge.

---

\* Honorable Byron G. Skelton of the U.S. Court of Claims, sitting by designation.

1. *See* Farris v. Beto, 446 F.2d 1290 (5th Cir., 1971); Beto v. Martin, 396 F.2d 432 (5th Cir., 1968); Worts v. Dutton, 395 F.2d 341 (5th Cir., 1968); Pate v. Holman, *supra; accord* United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3rd Cir., 1970). *See also* Langford v. Alabama, 422 F.2d 760 (5th Cir., 1970) (dissenting opinion), cert. den. 400 U.S. 851, 91 S.Ct. 69, 27 L.Ed.2d 88. *But see* United States ex rel. Smith v. McMann, 417 F.2d 648 (2nd Cir., 1969) (en banc,

**PER CURIAM:**

Kinnard Copeland, ably represented by court-appointed counsel, appeals from the district court's denial of his petition for habeas corpus. We affirm.

In 1951 Copeland was tried in Harris County, Texas, for burglary. He was convicted by a jury, and after the trial Copeland's retained counsel withdrew because Copeland did not have the funds to pay him to prosecute an appeal. His conviction was subsequently affirmed, per curiam, by the Texas Court of Criminal Appeals. He was not represented by counsel on appeal, and the record of his trial was not before that court. The question is whether Copeland was denied his right of counsel on appeal due to his status of an indigent.

In Pate v. Holman, 341 F.2d 764, 773 (5th Cir., 1965), modified on other grounds 343 F.2d 546, we held:

"[W]hen a defendant has retained counsel of his own choosing the State cannot be held to have violated the constitutional right of an indigent to counsel on appeal, unless the need for appellate counsel is brought home to the State, either by defendant's request for appellate counsel or because a responsible State official has actual knowledge that the defendant is indigent and desires to appeal his conviction."

The district court found that neither the state trial court, the district attorney's office, nor the Court of Criminal Appeals had knowledge of Copeland's indigency.

The judgment of the district court is therefore affirmed.[1]

---

Friendly, dissenting), cert. den. 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); Goodwin v. Cardwell, 423 F.2d 531 (6th Cir., 1970) (Sullivan, dissenting); Benoit v. Wingo, 423 F.2d 880 (6th Cir., 1970).

Copeland also contends that he was denied the effective assistance of counsel in his 1938 felony theft trial in Stephens County, Texas. The district court also properly denied relief on this basis. Jiles v. Beto, 422 F.2d 529 (5th Cir., 1971); Lamb v. Beto, 423 F.2d 85 (5th Cir., 1970), cert. den. 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84.