Greely **KALLIE**

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections.

Civ. A. No. 72-H-456.

United States District Court,
S. D. Texas, Houston Division.

Jan. 29, 1973.

Donald B. McFall & Tom M. Davis, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for petitioner.

Gilbert Pena, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

Petitioner is before this court on an application for writ of habeas corpus from a state court conviction. He was convicted in 1967 of murder with malice aforethought and sentenced to life imprisonment. Notice of appeal was filed, but no transcript or brief was sent to the Court of Criminal Appeals, and his conviction was affirmed without written opinion. The issue raised before this court is whether petitioner was denied his Sixth Amendment right to effective counsel on appeal. This issue was presented to the convicting court by a petition for habeas corpus pursuant to art. 11.07, Vernon's Ann.C.C.P., and his state petition for writ of habeas corpus was denied by the Court of Criminal Appeals on November 23, 1971. Thus, state remedies have been exhausted, and this court may reach the merits of petitioner's contention.

Petitioner argues his habeas corpus petition should be granted because his retained counsel failed to prosecute his appeal. Counsel filed notice of appeal but refused to proceed further because petitioner would not pay what counsel considered a reasonable fee. Counsel neither informed petitioner that he was not going to appeal nor that petitioner had a right to a court-appointed attorney if he were unable to afford to hire a lawyer to appeal his case. Nor did he inform the state court of the situation. He did nothing, and petitioner's right to an effective appeal vanished. With no transcript nor brief, the Court of Criminal Appeals could do nothing other than affirm petitioner's conviction.

This court adopts the findings of fact of the state trial judge who held an evidentiary hearing on petitioner's state court application for habeas corpus relief. Briefly, they are as follows:

(1) The petitioner was indigent for purposes of appeal.

(2) The failure of counsel to perfect the appeal was not taken with the knowledge of the petitioner.

(3) The failure of his counsel to properly appeal his case, when requested to do so, amounts to such dereliction of duty as to deny the applicant of the effective aid of

counsel at a critical stage of the proceedings.

(4) There was such misconduct of counsel which would amount to a breach of the legal duty to faithfully represent the client's interest.

However, after making these findings, the state trial judge did not grant the petitioner's writ and on appeal the Texas Court of Criminal Appeals denied petitioner's application for writ of habeas corpus on the basis that the trial court had no notice that the petitioner was indigent nor did his retained counsel notify the trial court that he was not going to pursue the appeal, citing and quoting from Pate v. Holman, 341 F.2d 764 by the Fifth Circuit.

This court in adopting the above-quoted findings of the state trial judge is of the opinion that the conduct of petitioner's counsel failed to meet even the minimum standards imposed upon a lawyer in protecting his client's interest.

If this court were writing on a clean slate, this court would hold that these facts show a denial of effective counsel on appeal in violation of petitioner's Sixth Amendment rights as applied to the state through the Fourteenth Amendment. However, the Court of Appeals for the Fifth Circuit has taken the position that when a retained counsel is ineffective there must be some state action before a defendant's Sixth Amendment rights are violated.

"* * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant *when he has knowledge of the defendant's indi-*gency and desire for appellate counsel. When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his client's rights on appeal." Pate v. Holman, 341 F.2d 764, 775 (5th Cir. 1965); *see also* McGriff v. Wainwright, 431 F.2d 897 (5th Cir. 1970).

Thus, the Fifth Circuit draws a distinction between retained and appointed counsel. The facts here would show a deprivation of petitioner's constitutional rights if his counsel was appointed, but since petitioner had enough money to pay for a retained attorney during trial he must meet the additional burden of showing the state knew that petitioner could not appeal because he was indigent. This court hopes this circuit reexamines this rule. Other circuits have rejected the distinction between retained and appointed counsel, e. g., *see* Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966). As Judge Rives stated in a dissenting opinion in Langford v. State of Alabama, 422 F.2d 760, 768–769 (5th Cir. 1970):

"I would reject the holding of Howard v. Beto, *supra,* and adopt the views of the Second, Fourth and Ninth Circuits. United States ex rel. Maselli v. Reincke, *supra* [383 F.2d 129 (2 Cir.)]; Wilson v. Rose, *supra*; Puckett v. North Carolina, 343 F.2d 452 (4 Cir. 1965). These decisions would allow Langford, although represented by retained counsel at his trial, to raise an ineffective assistance-of-counsel argument.

\* \* \* \* \* \*

"*Thus, the test should not be whether the state denied effective assistance of counsel, but whether Langford was denied his right of appeal because he did not have effective representation.*

"Langford was denied effective assistance of counsel when his trial counsel, knowing that he desired to appeal his conviction and that neither he nor his father could afford appellate counsel, did not inform him of his right to have court-appointed counsel

and a transcript provided by the State on appeal. Williams v. Coiner, 392 F. 2d 210, 213 (4 Cir. 1968); Puckett v. North Carolina, *supra*. As stated by the Court in Williams:

> 'Equal protection of the law is not satisfied where the nature of appellate review or the presence or absence of review of a person's conviction "depends on the amount of money he has." Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956).'" 422 F.2d at 768, 769 (emphasis added).

But until the rule is changed, this court shall follow, however reluctantly, the law of this circuit. Petitioner has not discharged his burden of showing the state knew of petitioner's inability to appeal because of his indigency. Since the state was unaware of petitioner's situation, there was no deprivation of petitioner's Sixth Amendment rights.

It is, therefore, ordered, adjudged, and decreed that petitioner's application for writ of habeas corpus and amended petition for writ of habeas corpus be denied.

This is a final judgment.