**Donnie Lynn SWANSON, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Respondent-Appellee.**

No. 73-1054.

United States Court of Appeals, Fifth Circuit.

April 4, 1974.

James H. Randals, Staff Counsel for Inmates, Tex. Dept. of Corrections, Ellis Unit, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., W. Barton Boling, Jack Boone, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant's petition for writ of habeas corpus was denied by the District Court without an evidentiary hearing. While we° are not entirely free of doubt we conclude that the court was required to inquire further into the matter.

Swanson pleaded guilty in Texas state court to robbery by assault. A jury heard evidence and fixed his punishment at life imprisonment. The Texas Court of Criminal Appeals affirmed.[1] Swanson applied for habeas corpus in the state convicting court, raising along with other grounds the claim that his plea of guilty was involuntary because there was a plea bargain with the prosecutor that was not carried out. The court conducted a hearing on July 29, 1971, at which Swanson was represented by counsel. Neither of the two successive defense counsel nor the prosecutor testified.[2] The only evidence consisted of Swanson's testimony. The court found that the plea was voluntary because (a) Swanson was guilty and so testified, and (b) "for the reason that he hoped that in entering a plea of guilty before the jury, he would receive no more that a ten (10) year sentence." Several non-jurisdictional grounds were held to have been waived by the valid guilty plea. The petition was denied. The Court of Criminal Appeals affirmed without written order.

Petitioner, proceeding pro se, then sought federal habeas relief alleging several grounds one of which was that his plea was involuntary because he was "promised a deal" that he would not get a sentence of more than 10 years, and the agreement was not carried out. The U. S. Magistrate found that there was no plea bargain. The federal habeas court adopted the findings and conclusions of the Magistrate, found that the state court record fairly supported the findings and conclusion of the state court judge, and denied relief.

According to Swanson's testimony in the state habeas hearing, he was originally offered a plea bargain of a 15-year sentence, and when he was unwilling to agree the state then threatened to reindict him with an enhancement count thus exposing him to a mandatory life sentence. He concluded not to agree and was promptly reindicted with an enhancement count added. His attorney then withdrew and new counsel was appointed.

---

1. Swanson v. State, 447 S.W.2d 942 (Tex. Cr.App.1969).

2. The state habeas hearing took place before Santobello v. N. Y., 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Against this background, Swanson described what occurred when his case was set for trial under the new indictment.

At one point he testified:

Q. Is there anything else that influenced you in your plea of guilty?

A. Just the attorney saying that I wouldn't get over 10 years if everything I told him was true.

Earlier, when asked what happened when he was called to court, he had stated:

Q. What happened when he called you down to Court?

A. I talked to Mr. Sands [appointive counsel] in here and he called me late in the day, I'd say 10:00 o'clock. It wasn't nobody in there, and he talked to me back there in the jury room and *he told me that he had made an agreement with the district attorney's office* and that he was going to just sit back and forget about the motion while the district attorney's office was going to withdraw the second paragraph of the indictment.

Q. Forget about what motion?

A. Pretrial motion that he had filed to suppress evidence and lineup and he said that he felt this was the best bet; that the district attorney's office was going to withdraw this enhancement off of the indictment and that I had a good chance of, if everything I told him was true about the robbery, that there wasn't any violence in it. He *said if I could come out here and enter a plea of guilty, that he felt that I wouldn't get a day over 10 years, and I agreed to do that.*

Q. Had there been any agreement, now, between Mr. Sands and anyone else concerning the time that you might get.

A. As far as I now I just talked to him only, and he told me that. I asked him if we were going to plead guilty to the judge and he said No, that the State still wanted a jury trial; that you couldn't deny them a jury trial if they wanted one. (Emphasis added.)

Overall these statements are not free from ambiguity. But we do know that the state's construction of them is not correct. The state's position at oral argument was that there was no "plea bargain" at all. It enables itself to take this position by interpreting "plea bargain" as confined to an agreement concerning the length of sentence. But this is a semantical device that does not stand scrutiny. The foregoing testimony unequivocally says that there *was a bargain* to dismiss the enhancement count of the indictment, and the record reveals that bargain was carried out and the enhancement count dismissed before the case was submitted to the jury. In fact the state acknowledges that is what occurred and affirmatively asserts that it carried out such agreement. What is left unanswered is whether there was a second leg to the agreement—that the prosecutor would recommend to the jury a 10-year sentence—or whether Swanson and his counsel rolled the dice on the sentence the jury would impose (which could be as much as life) with the enhancement count (and a mandatory life sentence) out of the picture.

The state habeas court concluded that a 10-year sentence was only a "hope." But that conclusion is supported by a specific page number to a single page of the evidentiary hearing transcript where there appears the statement by Swanson that he was influenced by his attorney's "saying that I wouldn't get over 10 years if everything I told him was true." The court did not refer to Swanson's earlier and express testimony that there was an agreement, or to the fact that the record itself showed, at least with respect to the enhancement count, that Swanson's version of what occurred was correct. Nor did it refer to the testimony concerning the earlier refusal to plead guilty for an agreed 15-year sentence. The record is silent as to what recommendation, if any, the prosecutor made to the jury as the sentencing au-

**118**

thority. The state habeas court made no finding that Swanson was not credible, and in fact relied upon Swanson's own statement as the predicate for the "only a hope" finding.

The U. S. Magistrate, whose findings and recommendations were accepted by the federal habeas judge, and the state on this appeal, have focused on the statement of Swanson that the appointive attorney "felt" that the sentence would not be over 10 years. The difficulty with this argument is that this is not the testimony to which the state habeas court referred in its decision. Additionally, the testimony concerning what the attorney "felt" is ambiguous —does it mean Swanson agreed to 10 years, or agreed to take his chances on his attorney's feeling that he wouldn't get over 10 years? The Magistrate, like the state court, made no reference to the fact that there was a bargain and that the only dispute concerned its scope.

Swanson at least set out the rough contours of a claimed dual-aspect bargain in which he was not a participant, and those who can accurately describe it and state whether there was only one aspect to it or two have not been heard from. Swanson's testimony and the accompanying circumstances raise at least "built in" doubts which the state has not attempted to resolve. Fortner v. Balkcom, 380 F.2d 816 (CA5, 1967). Under all the circumstances we must conclude "that the material facts were not adequately developed at the State court hearing." 28 U.S.C. § 2254(d)(3). In a similar context, in a case in which state proceedings were pre-*Santobello* and the federal habeas court did not conduct an evidentiary hearing, we remanded to the District Court for reconsideration "in light of *Santobello* and for whatever further evidentiary proceedings may be deemed warranted." James v. Smith, 455 F.2d 502, 503 (CA5, 1972). That is what we do here also.

Vacated and remanded to the District Court for further proceedings not inconsistent with this opinion.

GEE, Circuit Judge (dissenting):

Unable to distinguish this case in principle from our very recent en banc decision in Bryan v. United States, 492 F.2d 775 (5 Cir. 1974), and convinced that Swanson's showing amounts to no more than a "hope" grounded in what his attorney "felt," I respectfully dissent.