Jerome FLORES, Jr., Petitioner-
Appellant,

v.

W. J. ESTELLE, Director, TDC,
Respondent-Appellee.

No. 73–2313.

United States Court of Appeals,
Fifth Circuit.

April 15, 1974.

Ira D. Einsohn, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Robert C. Flowers, E. Bruce Curry, Andrew W. Carruthers, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was convicted of murder in Texas state court and sentenced to life imprisonment. The conviction was affirmed by the Texas Court of Criminal Appeals.[1] His federal petition for writ of habeas corpus was referred to a federal magistrate who without evidentiary hearing recommended denial of relief. The District Judge adopted the findings of the magistrate and denied the writ. We remand for an evidentiary hearing.

The record of the merits trial is not before us. No copy has been located in the federal habeas court, and counsel for the State has been unable to locate the record filed in the Court of Criminal Appeals. It is unclear whether the magistrate examined a copy of the record or had none available and relied upon the facts as stated in the opinion of the state appellate court. From that opinion and photocopy excerpts from a record that are attached to appellant's pro se brief, we are, however, able to dispose of this appeal.

1. Flores v. State, 491 S.W.2d 144 (Ct.Cr.App.1973).

Flores was convicted of killing Robert Villareal. Since there was only one eye-witness, Juan Garza, his testimony was vital and his powers of observation a critical issue. He testified that he and decedent were driving in a car at night, that he looked to one side and saw Flores driving another car, which he was able to identify, with codefendant Ortega in the back seat, and as he looked a shotgun blast came from the car and killed Villareal and wounded Garza.[2]

Garza's identifications were subject to attack on three grounds: that he was so drunk he could not have identified Flores; that before trial he described the automobile as a white Chevrolet, but at trial identified it as a blue Ford (traced to Flores); and that he stated to others before trial that Flores was not involved.

For his merits trial Flores issued a subpoena duces tecum to Dr. Mason, the Director of the Dallas County Criminal Investigation Laboratory, who also served as toxicologist for the City and County of Dallas, to produce blood toxicology on the decedent, Villareal, and on the witness, Garza. The Director appeared and at the outset stated he had the toxicology on only Villareal but could make a telephone call and get the Garza records at once. Defense counsel asked the court what its pleasure would be on Dr. Mason's failure to bring all the subpoenaed material, and Dr. Mason interjected that he could get the missing records in two minutes. After an unrecorded bench conference examination resumed.

The defense established from the Villareal toxicology the alcohol content of his blood and then asked the Director for an expert opinion on whether Villareal was intoxicated. Dr. Mason refused to give an opinion because he had not been retained as an expert witness. Defense counsel persisted, and the Director reiterated his refusal to testify as an expert. Defense counsel asked the court to instruct him "to answer the questions involving the blood test that was held by his office which is a public office," and the court declined.

The Court of Criminal Appeals, the federal magistrate, and the District Judge who adopted his findings, all agree that the trial court erred in refusing to require Dr. Mason to testify, thereby depriving Flores of effective compulsory process for obtaining witnesses in his favor, Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed. 2d 1019 (1967). The Court of Criminal Appeals considered the error to be without injury on the premise that the defendant was seeking to establish the state of intoxication of only the decedent, and, the court reasoned, his intoxication was not material to the defense. But, the court also reasoned, if Flores was contending that evidence of the intoxication of decedent, who earlier in the evening had been drinking with Garza, would tend to prove Garza was intoxicated, the evidence was too highly speculative for that purpose. The Court of Criminal Appeals did not address itself to the refusal to testify insofar as it forestalled an independent inquiry (as opposed to proof of drunkenness by association) into Garza's state of intoxication. The magistrate agreed with the analysis of the Texas appellate court and added an additional ground that the error was harmless beyond a reasonable doubt because there could have been no doubt in the jury's mind that both Villareal and Garza were intoxicated, there being, he stated, ample independent direct testimony that Garza was intoxicated, including testimony from Garza himself.

Neither Flores' brief before the Court of Criminal Appeals nor his habeas petition limited his contention to a claim that he was injured by inability to prove Villareal's state of intoxication or inabil-

---

2. Under Texas law Flores, the driver, was a principal if he was acting together with his passenger Ortega in the commission of the offense, Article 65, Vernon's Ann.P.C., and the jury was so instructed.

ity to prove Garza's intoxication via his earlier association with an ultimately intoxicated Villareal. Rather his claim on the merits appeal and on collateral attack has been an overall objection to Dr. Mason's refusal to testify as an expert. The habeas petition affirmatively pointed out that there was no opportunity to examine concerning the toxicology on Garza since Dr. Mason had failed to bring the Garza records and that the trial judge's position on Dr. Mason's unwillingness to testify was made clear by his ruling sustaining Dr. Mason's plenary refusal.

If there is other direct evidence of Garza's intoxication as stated by the magistrate, we are unable to appraise it since we have only bits and pieces of the record. With respect to the finding that Garza himself testified he was intoxicated, in the extract from his testimony that is before us he states he drank two beers approximately seven hours before the killing and that he was *not* intoxicated. Even if there is evidence, from Garza or others or both, that he was intoxicated, this would not necessarily make the error concerning Dr. Mason error without injury beyond a reasonable doubt, because central to the issue of Garza's powers of observation is the *extent* of his intoxication.

The position of the appellee is not impressive. It meets the issue of testimony concerning Garza by only the argument that defense counsel failed to adequately preserve the error. Dr. Mason's refusal was plenary and unequivocal and to the effect that he would not give an expert opinion in this or any other case without being retained as an expert.[3] Counsel asked the court to require him to testify as an expert, and the court refused. It would have been an unnecessary nicety and a waste of time as well for the defense to delay the proceedings, send for the Garza records, establish his alcohol blood content, ask an expert opinion, and receive the same response.

All present knew that Dr. Mason would not give an opinion, and that the court would not require him to do so.

The case must be remanded for an evidentiary hearing at which the State will have an opportunity to show that the trial error was error without injury beyond reasonable doubt. If the State can carry that burden, by showing that there was sufficient other evidence of the extent of Garza's intoxication, or by showing that Dr. Mason's testimony, based on the toxicology of Garza, would have been that his powers of observation were not significantly impaired, then denial of the writ may stand. Otherwise, the denial must be vacated and the writ granted.

Remanded for evidentiary hearing.

---

3. Dr. Mason did not place his refusal solely on financial grounds. He considered that a policy other than that he pursued would make him subject to subpoena in a multitude of cases.