Greely KALLIE, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73–1643.

United States Court of Appeals, Fifth Circuit.

July 3, 1975.

Donald B. McFall (Court-appointed), Tom M. Davis, Jr., Houston, Tex., for petitioner-appellant.

Dunklin Sullivan, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal comes from the district court's denial of habeas corpus relief to a Texas prisoner who alleges that the actions of his retained attorney violated his right to effective assistance of counsel on appeal. Judge Singleton ruled for the state only because he felt himself bound by prior decisions of this court holding that "when a retained counsel is ineffective there must be some state action before a defendant's Sixth Amendment rights are violated." Kallie v. Beto, S.D.Tex.1973, 353 F.Supp. 966, 967. Finding no state action as defined by this court, the district judge accordingly dismissed appellant's petition. We deferred consideration of Kallie's appeal pending our en banc decision in Fitzgerald v. Estelle, 5 Cir. 1975, 505 F.2d 1334, where, with some modification, we reaffirmed the cases relied upon by Judge Singleton to deny relief here.

In 1967 a jury found Greely Kallie guilty of murder with malice and recommended life imprisonment. His retained counsel gave notice of appeal in open court and thereafter filed a motion for new trial, which alleged that appellant's trial had been tainted by several errors.[1] Nevertheless, upon learning from Kallie's wife and sister that he would not be paid what he considered a reasonable fee, counsel abandoned without notice all efforts on appellant's behalf. Accordingly, no transcript of the trial was requested and no brief was tendered to the trial court as required by Vernon's Ann.C.C.P. art. 40.09(9). In a one page brief the state asked the Texas Court of Criminal Appeals for summary affirmance of Kallie's direct appeal. The state court obliged in a short per curiam opinion, which recited appellant's failure to comply with article 40.09. Kallie soon filed a petition for habeas corpus in federal district court, and a lawyer was appointed to represent him.[2] When appointed counsel discovered what had taken place during Kallie's direct appeal, however, he sought and obtained permission to dismiss the federal habeas action so as to allow exhaustion of state remedies on the ineffectiveness of counsel issue. After being denied relief in the state courts,[3] appellant renewed his case in the federal system.

The following facts, as found by the district court, are not seriously in dispute: (1) Kallie's retained counsel failed to inform appellant or the convicting court that he did not intend to prosecute an appeal, nor did he inform appellant of the right to court-appointed counsel on appeal if indigent; (2) appellant was indigent for purposes of appeal; (3) appellant wanted to appeal his conviction and had no knowledge of his trial attorney's failure to take the necessary steps to perfect an appeal; and (4) the state had no actual knowledge of appel-

1. The motion alleged that Kallie had been convicted on insufficient evidence; that the court had erred in permitting the state to strike for cause all jurors who stated that they did not believe in the death penalty; that the court erred in permitting testimony against Kallie by a minor; that the court erred in failing to declare a mistrial when a witness for the state produced before the jury the bloody shirt of the man the state alleged Kallie had killed; that the court erred in permitting the state to argue to the jury concerning the number of blacks given the death penalty for killing another black person; and that Kallie's defense had been prejudiced by the state's dilatoriness in providing counsel with its witness list and the jury panel used for selection of a jury. The trial court overruled the motion.

2. Appellant's original federal habeas petition did not mention ineffectiveness of counsel, but at the hearing in the court below it came out that not until so informed by his court-appointed attorney did Kallie know that his retained counsel had failed to prosecute the direct appeal.

3. The Texas Court of Criminal Appeals, with one judge dissenting, denied relief on two grounds. First, it found that Kallie had not established that he had no knowledge whatever that his retained counsel had abandoned his case. The Court thought it possible that appellant's wife and sister may have passed along that information to him. (Appellant's evidence conclusively rebutted this theory in Judge Singleton's court.) Second, the court found no state involvement in the denial of Kallie's right to effective assistance of counsel on appeal.

lant's indigency, of his desire to appeal, or of his lawyer's actions and motives. Along with the district court we have no trouble characterizing the actions of Kallie's retained counsel as well below the minimum standards imposed upon a criminal lawyer in protecting his client's interests.[4] We likewise find no grounds whatever for believing that appellant knowingly and intelligently waived his right of appeal. The sole issue before us, then, is whether the facts of this case reveal state involvement in the frustration of appellant's right to effective assistance of counsel on appeal.

Fitzgerald v. Estelle, *supra*, squarely rejects the notion that the activities of retained counsel are per se state action under the Fourteenth Amendment:

> To find state involvement in retained counsel's conduct which is adjudged to be less than reasonably effective . . . it must be shown that some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused.

505 F.2d at 1337. Moreover, under pre-*Fitzgerald* law there can be little doubt that on the facts before us we would have been unable to find state action based upon the failings of any state offi-

cial. *See* Copeland v. Beto, 5 Cir. 1973, 471 F.2d 710, cert. denied, 1973, 412 U.S. 952, 93 S.Ct. 3021, 37 L.Ed.2d 1005. A line of cases in this circuit extending back at least as far as Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, required a petitioner claiming denial of counsel on appeal to prove that the state had actual knowledge of his indigency, lack of counsel, and desire to appeal before it could be charged with a Sixth Amendment violation.[5] *But, cf.* Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929, 931 ("some responsible state official was *or should have been* cognizant of both his desire to appeal and his inability to afford to do so . . . .") (emphasis added). In *Fitzgerald*, however, the court relieved somewhat the rigors of the actual knowledge requirement for petitioners alleging ineffectiveness of retained counsel. We said there that "if the incompetency of a retained attorney's representation is so apparent that a reasonably attentive state official should have been aware of and could have corrected it then again the state action requirement is satisfied." 505 F.2d at 1337. Appellant argues that his retained attorney's failure to request a transcript or to file a brief on his behalf gave constructive notice to the state that he was not receiving the representation to which he was entitled. Unfortu-

---

**4.** Herring v. Estelle, 5 Cir. 1974, 491 F.2d 125, 127, sets the applicable Sixth Amendment standard:

> We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance. MacKenna v. Ellis, 5th Cir. 1960, 280 F.2d 592, 599, cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

It cannot seriously be contended that reasonably effective assistance is rendered by counsel who without effective notice to anyone abandons representation of a client convicted of murder with malice. *See* Chapman v. United States, 5 Cir. 1972, 469 F.2d 634; ABA Code of Professional Responsibility, DR 2–110(A); ABA Standards, The Defense Function §§ 8.2, 8.3 (1971). ABA Standards, Criminal Appeals § 2.2 (1970). *Cf.* Flanagan v. Henderson, 5 Cir. 1974, 496 F.2d 1274, 1277. ("If an

appointed counsel should altogether fail to take an appeal which a defendant requests, precedent in this circuit establishes that such neglect amounts to ineffectiveness per se.")

**5.** This requirement could be satisfied in a number of ways. *See* Flanagan v. Henderson, 5 Cir. 1974, 496 F.2d 1274 (request to trial judge for extension of time to perfect a regular appeal after default by counsel); Horsley v. Simpson, 5 Cir. 1968, 400 F.2d 708 (inquiry to clerk of state court of appeals); Cedillo v. Beto, 5 Cir. 1968, 399 F.2d 667 (statement in pro se brief to Court of Criminal Appeals); Beto v. Martin, 5 Cir. 1968, 396 F.2d 432 (letter to Court of Criminal Appeals); cf. Collier v. Estelle, *supra*, at 932. *See also* Goforth v. Dutton, 5 Cir. 1969, 409 F.2d 651, where we held that retained counsel's post-trial request for a fee for representing the defendant as an indigent converted the lawyer into appointed counsel whose actions could be imputed to the state.

nately for appellant, this contention has now been foreclosed by Malone v. Alabama, 5 Cir. 1975, 514 F.2d 77. The facts of *Malone* are in all material respects similar to the facts of this case. Although it does not appear that the particular argument raised by Kallie was presented to the *Malone* panel, the court there denied relief with the following reasoning:

> There remains the question of whether, under the standards laid down by Fitzgerald v. Estelle, *supra*, Alabama has denied Malone effective assistance of counsel. It is clear that neither the Alabama trial court nor any responsible state official knew *or should have known* of Malone's retained counsel's failure to inform his client of his right to appeal in forma pauperis with court-appointed counsel or that counsel's decision to drop (in effect) the appeal was against his client's will. Thus—keeping in mind that Malone's counsel was retained—in order to find state action we must find that the conduct of his counsel was "so grossly deficient as to render the proceedings fundamentally unfair." *Fitzgerald, supra,* 505 F.2d at 1337. This we cannot do in light of our holding in Postel v. Beto, supra, that a retained counsel's failure to appear for sentencing, or to appeal or advise his client of his right to appeal (at all, not just in forma pauperis with retained counsel) does not operate to deny him fundamental fairness.

At 80 (emphasis added). Whatever our disposition toward appellant's argument, we are bound by the decision in *Malone*. Accordingly, the judgment of the district court is affirmed.

Affirmed.

CLARK, Circuit Judge (concurring).

I do not concur in the affirmance of this case because *Malone's* precedent compels it (which I agree it does). Rather, the facts in Kallie's case do not warrant charging Texas with constructive notice that Kallie's appeal rights were abridged. State knowledge that Kallie's retained counsel had given oral notice of appeal in the trial court, followed by his counsel's unsuccessful effort to get a new trial there, but not by further appeal-perfecting procedures, was not enough to signal that Kallie had a desire to appeal which had been thwarted by poverty.