**Robert HOWARD, Plaintiff-Appellant,**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 75–2329**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1975.

Certiorari Denied Dec. 15, 1975.
See 96 S.Ct. 573.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

In this habeas corpus petition involving a Louisiana state court conviction, Robert Howard contends that his federal constitutional rights were violated due to failure of his retained counsel to provide effective assistance in the state proceedings. Specifically, Howard contends that his attorney's advice and investigatory efforts were inadequate to alert him to a self-defense claim which might have led him to contest the original charge instead of entering a plea of guilty to murder without capital punishment.

On December 26, 1967, Howard had a heated argument with a co-worker, went home to get a gun, returned to the place of employment and shot the co-worker when the latter came toward him, apparently attempting to force him off the premises. Thereafter, he voluntarily turned himself into the police after counseling with his father and ultimately entered the now contested plea on the advice of his retained counsel. At the evidentiary hearing held below pursuant to 28 U.S.C. § 2254(d)(1), Howard produced a witness named Barnes, who testified that Howard's co-worker had attacked him with a salad knife before Howard fired. Petitioner now claims that diligent efforts by his attorney would have led him to Barnes and made him aware of an available defense. Although Howard claims he told his counsel that he was attacked, and gave names of witnesses who might have led him to Barnes if he had actively investigated the case, none of the initial police reports or early proceedings give any indication that there might have been a self-defense claim. It is noteworthy in this regard that the district judge presiding at the evidentiary hearing found Barnes to be "a less than credible witness."

Howard's conviction cannot be set aside unless his attorney's advice was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson,* 411 U.S. 258, 264, 93 S.Ct. 1602, 1606, 36 L.Ed.2d 235 (1973); *McMann v. Richardson,* 397 U.S.

John Mulvehill, Federal Public Defender, New Orleans, La., for plaintiff-appellant.

Joe Tosterud, Asst. Dist. Atty., Harry Connick, Dist. Atty., Barbara B. Rutledge, New Orleans, La., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

759, 770–71, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Where the conduct of retained counsel is in issue, constitutional guarantees of competent counsel are not infringed due to lack of state action unless representation is "so grossly deficient as to render the proceedings fundamentally unfair", *Kallie v. Estelle,* 5 Cir., 1975, 515 F.2d 588, 591; *Malone v. Alabama,* 5 Cir., 1975, 514 F.2d 77, 80; *Fitzgerald v. Estelle,* 5 Cir., 1975, 505 F.2d 1334, 1337 (en banc), or unless the incompetency "is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it." *Fitzgerald, supra,* at 1337. Even when the conditions for state action are met, the Sixth and Fourteenth Amendment requirement of effective assistance of counsel has been held "to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *Herring v. Estelle,* 5 Cir., 1974, 491 F.2d 125, 127, *citing MacKenna v. Ellis,* 5 Cir., 1960, 280 F.2d 592, 599, *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (emphasis in original).

■ The district judge did not err in holding that petitioner's legal representation did not fall below the level of reasonably effective assistance. At the time petitioner's counsel came into the case, there was no indication of a possible self-defense claim, and it is not clear that rigorous investigatory efforts would have uncovered Barnes. Moreover, even if Barnes had been found, the question crucial to establishing the self-defense justification would have been whether Howard reasonably believed he was being attacked with deadly force. *See State v. Rone,* 222 La. 99, 62 So.2d 114, 117–18 (1952). But Howard apparently displayed no awareness of such an attack when conferring with counsel or at any time proximate to the shooting. Particularly given the fact that Howard had gone home for the gun and immediately returned and shot the victim, counsel could reasonably believe a plea of guilty without capital punishment was preferable to risking a death sentence at trial. Finally, since petitioner's representation was in fact reasonably effective, state officials obviously could not have been on actual or constructive notice that it was ineffective for state action purposes.

Accordingly, the district court's denial of habeas relief is

Affirmed.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y.,* 5 Cir. 1970, 431 F.2d 409, Part I.