PIERCE, Judge.
Petitioner Jimmy Jones, on July 30, 1970, filed in the Supreme Court of Florida his petition for writ of mandamus, seeking a writ to require the preparation of a complete transcript of record of his trial in the Hillsborough County Circuit Court which resulted in his conviction on October 8, 1968 of second degree murder and sentence of 25 years in the State Prison upon an indictment charging first degree murder. The Supreme Court denied the writ upon authority of Cassoday v. State, Fla.1970, 237 So.2d 146.
Thereafter, on October 8, 1970, Jones filed in this 2nd District Court his original proceeding for writ of habeas corpus so as to have accorded to him “the right to full appellate review of his judgment and sentence which he is now serving”, citing Hollingshead v. Wainwright, Fla.1967, 194 So. 2d 577.
We issued the writ and respondent Wainwright as Director has filed his response thereto in this Court. On the record of the case in the Court below, as is made to appear in this Court, the contentions of Jones as a basis for this habeas corpus proceeding to secure full appeal are conclusively refuted, and therefore the utilization of the appellate processes would be useless, nugatory, and unwarranted.
Only two grounds are urged in the petition for writ in support of Jones’ contention that he is entitled to relief, viz: (1) that the Trial Court failed to advise him of his right to appeal, and (2) his Court-appointed counsel did not effectively assist him on the trial level by failing to go through the actual process of appealing the conviction to this Court. The first contention is completely refuted by the record *861 and the second is devoid of merit in the light of the record facts.
(1) Jones blandly alleges in his petition for writ that he was not advised of his right to appeal. The official transcript of proceedings at the time of sentence and immediately thereafter, shows affirmatively the following:
“Mr. Kavouk'alis (for the State): ‘ * * * If the Court will bear with me for half a moment, I would like to — if I may advise the Defendant, or the Court might — that he does have a right to an appeal within 90 days from this date, and that he is aware of that. Mr. Hobbs (defense counsel) indicated that he went on record to show that he is aware of his rights to appeal, and that is, the right lasts from 90 days of sentencing.’
“Mr. Hobbs (for the defendant): T explained that. Right. You understand that?’
“Jimmy Jones, a/k/a Jimmy Johnson (the defendant): ‘Yes’.”
In his petition for writ of mandamus filed in the Supreme Court, Jones made the following sworn allegation:
“The Petitioner, Jimmy Jones, was tried and convicted of murder in the second degree by Trial by Jury and the Honorable Judge Neil C. McMullen impose (sic) a sentence upon the petitioner of 25 years in the Florid (sic) State Prison Raiford, florida (sic). At this time the Petitioner was advised by the Judge his rights to an appeal.” (Emphasis supplied).
(2) Jones complained that his trial counsel denied him effective assistance as such when he failed to appeal the conviction. But, although it conclusively appears, supra, that Jones was fully informed of his right to appeal and the time limit within which he could do so, there is not the slightest intimation or allegation that he ever requested or evinced any desire to appeal. His failure to appeal, therefore, was entirely of his own volition.
In view of the foregoing, the petition for writ is devoid of any merit, the rule to show cause must be quashed, and this proceeding dismissed. It is so—
Ordered.
HOBSON, C. J., and MANN, J., concur.