McNULTY, Judge.
This is an original habeas corpus proceeding in which, apparently in reliance on Baggett v. Wainwright,[1] the petitioner is seeking a full appeal of his conviction.
After a jury trial, and on July 9, 1970, petitioner was adjudicated guilty of a felony and sentenced to a term of years in the state prison. No appeal was taken, although petitioner alleges that he was “at all times insolvent and desired to appeal.” He now says, however, that he was “deprived of, or inadequately afforded” his right of appeal by “state action,”[2] alleging as grounds therefor that neither the court, at time of sentencing, nor court-appointed counsel at any time, advised petitioner as to his appeal rights. We are called upon to determine, therefore, whether failure of the trial court and/or court-appointed counsel to fully advise one convicted of a crime concerning his rights of appeal ipso facto constitutes a denial of fundamental due process as contemplated by Douglas and Baggett, supra. We think not in either case.
In the first place, petitioner does not say that he was absolutely ignorant of his right to appeal. Indeed, he alleges that during the permissible time within which *431 to appeal he desired an appeal. He must have been aware, therefore, of the appellate processes. This being so, if he wishes to appeal it is clearly his burden to initiate such processes by at least making known to the court or counsel his desires in the premises.[3] As to any duty on the part of the trial court prior to the defendant so initiating the appellate processes, it was pointed out in Baggett, supra, 229 So.2d at p. 241, that:
“* * * [there is] * * * an important distinction between the right to counsel on appeal and the right to counsel at trial. While both of these rights are designated ‘absolute’ [citing Douglas v. California, supra], in the case of an appeal it is not constitutionally necessary that the trial judge initiate action toward the appointment of appellate counsel by advising a convicted person of his rights or by making inquiry as to his indigency, [citing Pate v. Holman, 341 F.2d 764 (5th Cir. 1965)]. This distinction is probably attributable to the fact that the defendant himself is responsible for initiating appeal proceedings, whereas in the case of trial proceedings the State leads the way. * * *”
It thus appears that in the first instance, there is no constitutional right in a convict to be advised by his trial court concerning his rights of appeal.
Presently, however, our trial courts are under the discipline of Rule 1.670 CrPR,[4] 33 F.S.A. which provides in pertinent part:
“When a judge renders a final judgment of conviction, imposes a sentence, grants probation or revokes probation, he shall forthwith inform the defendant concerning his rights of appeal therefrom, including the time allowed by law for taking an appeal.”
The question devolves, then, whether this rule confers a substantive right in an accused to be thus advised, the violation of which is, of itself, a fundamental “frustration” of his right to appeal. We disagree with our sister court in the First District[5] and must answer the question in the negative.
The rule was promulgated effective as of January 1, 1968; and the Committee Note to its promulgation states: [6]
“The purpose of the proposed rule is to provide assurance that a defendant, represented or unrepresented by counsel, will have authoritative and timely notice of his right to appeal.”
Notice, then, is the gravamen of the Rule. How can a defendant be prejudiced, therefore, if it affirmatively appears that he was already on notice of the appellate processes? True it is that he may not have been aware of his right to counsel on appeal, if indigent, or of the time limitation within which to bring his appeal; but as we've pointed out above in our quotation from Baggett, he must be advised as to these matters only after he starts the ball rolling on his own initiative by indicating a desire to appeal.
On the other hand, if it appears as a pleaded and proved fact that the defendant was completely ignorant of the existence of the appellate processes so that he could riot timely initiate such processes on his own, then we would not hesitate to grant the relief sought here so as to give the mandate of the rule meaningful effect. We would pursue this course not because of any fundamental right to the giving of the advice spoken of, but simply because of the prejudice resulting from noncompliance with the rule.
We hold, therefore, that the failure of a trial judge to advise a defendant concern *432 ing his rights of appeal, as required by Rule 1.670 CrPR, is not ipso facto a frustration of such defendant’s right to appeal as contemplated by Douglas and Baggett, supra. We hold further, however, that if it is alleged and adequately proved, after a hearing before a commissioner if necessary, that a defendant did not know of the appellate process (and it does not otherwise affirmatively appear, as here, that he indeed must have known) then failure of the trial judge to comply with the aforesaid Rule 1.670 will entitle the defendant to a full appellate review by habeas corpus pursuant to Baggett, supra.[7]*
Coming now to the question of whether petitioner is entitled to the relief prayed for because of the dereliction of his court-appointed counsel to advise him concerning his appeal rights, suffice it to say that we are aware of no case or rule expressly imposing such a duty on counsel. Certainly it may be presumed that the accused’s lawyer, whether court-appointed or privately retained, will protect his client’s rights, including appeal rights, and will render advice concerning those rights. But again, if it affirmatively appears that the defendant is already aware of the appellate processes then he is not prejudiced by any failure of counsel to reaffirm them. Again, too, it may be that the defendant is absolutely ignorant of those rights. But unlike the trial judge, upon whom the burden is placed by Rule 1.670, supra, counsel is under no express mandate to render the advice with which we’re concerned. His duties and conduct in the premises are gov-•erfled by the standards of competence required of all attorneys; and if he falls short his client may sufficiently establish his incompetence and obtain appropriate relief on this theory. But we are loathe to conclude, and do not so hold, that failure to advise a convicted client concerning his rights of appeal in and of itself constitutes mcompetency on the part of counsel sufficient to constitute a denial of fundamental due process.
Accordingly, the petition for habeas corpus should be, and it is, denied.
LILES, A. C. J., and HOBSON, J., concur.

. (Fla.1969), 229 So.2d 239.

. See, Douglas v. California, (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

. Accord, Jones v. Wainwriglit, Fla.App., 241 So.2d 860. Opinion filed December 11, 1970.

. S3 F.S.A.

. See, Baker v. State, (Fla.App.1969), 224 So.2d 331.

. Rule 1.670, CrPR, 33 F.S.A., at p. 401.

. We note that in response to a Rule Nisi, the state may frequently negate such allegations by a certified copy of so much of the record revealing that Rule 1.670 CrPR was indeed complied with.