Wilbur M. JOHNSON, Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

No. 71-3103

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1972.

Gary M. Ketchum, Tampa, Fla., for
petitioner-appellant.

Michael N. Corin, Asst. Atty. Gen.,
Robert L. Shevin, Atty. Gen., Tallahas-
see, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and
SIMPSON, Circuit Judges.

PER CURIAM:

Wilbur M. Johnson represented by
privately retained counsel pled guilty in
a Florida court to a charge of breaking
and entering. He was sentenced to fif-
teen years imprisonment and no direct
appeal was taken. Thereafter, he made
several unsuccessful efforts to obtain
state post-conviction relief. He subse-
quently sought habeas corpus relief in
the United States District Court upon
two grounds: (1) that his plea of guilty
was involuntary because both the trial
court and his privately retained counsel
had erroneously advised him that the
maximum sentence was fifteen years
when in fact it was twenty years, and
(2) that he was not advised of his right
to appeal and of his right to the assist-
ance of appointed counsel on appeal.
The writ was initially denied for failure
to exhaust state remedies. After John-
son returned to the state courts but
failed to appeal the state trial court's
denial of his motion to vacate, the dis-
trict court again refused to hear the
case until all state remedies had been ex-
hausted.

Thereafter the Florida court of ap-
peals affirmed the denial of his motion
to vacate. The United States District
Court then ordered the United States
Magistrate to conduct an evidentiary
hearing. A hearing was held after
which the magistrate concluded that the

---

* ▮▮▮ Rule 18, 5th Cir. See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York, et al., 5th Cir. 1970, 431 F.2d
409, Part I.

erroneous advice given Johnson did not render his plea involuntary and that if there was error it was harmless. Based upon the findings of fact and the conclusions of law of the magistrate as well as upon his own independent examination of the record, the district court denied the writ. Appointed counsel has skillfully presented his client's case in this court, but skill cannot overcome both facts and law which compel a denial of relief. We affirm.

In Eakes v. United States [1] this court expressly held that a plea of guilty is not rendered involuntary merely because a defendant received a lesser sentence than either that which he was informed the district court could impose or the maximum sentence provided by law. This court followed *Eakes* in United States v. Woodall [2] expressly overruling two prior decisions of the court which were in conflict.[3] In *Woodall* the appellant sought to set aside his guilty plea alleging that he was misinformed that the sentences under each count of the indictment could be pyramided. Sitting en banc, this court held that even accepting *arguendo* Woodall's version of the facts, his claim was without merit. The court weighed the effect of the advice as to the harsher punishment on Woodall's decision and concluded that the likelihood that it would have no effect outweighed the possibility that the prospect of greater punishment would have caused a change in his plea.[4]

■ Here Johnson was incorrectly advised that the maximum sentence was less than that authorized by law. But his sentence was equal to that which he had been told and less than the statutory maximum. Under such circumstances we think the *Woodall* rationale is controlling. The likelihood that the knowl-edge that the maximum sentence was twenty years instead of fifteen years would have caused Johnson to change his plea is so improbable as to be without legal significance.

The district court did not comment on Johnson's other contention. However, the record fully supports the district court's denial of relief. Johnson rests this portion of his argument largely on Swenson v. Bosler.[5] In *Swenson* the Supreme Court declared unconstitutional a Missouri procedure which did not provide counsel for indigent appeals. Although the Court found that the record demonstrated that the trial court was sufficiently informed of the defendant's desire for counsel on appeal, the Court went on to state that the absence of a request would not constitute a waiver of the defendant's rights. But the Court did not establish a *per se* rule that trial courts must inquire of defendants whether they desire to appeal or are indigent and desire the assistance of appointed counsel. Instead, the Court said a waiver of the right to the appointment of appellate counsel would not be inferred "[w]hen a defendant *whose indigency and desire to appeal are manifest*" simply because the defendant made no request for counsel.[6]

■ In the instant case the record shows that Johnson was represented at trial by privately retained counsel. No facts are alleged which indicate that the trial court· was aware or should have been aware that Johnson would not continue to be represented by privately retained counsel if he chose to appeal. There is no indication that any responsible state official had knowledge that Johnson was or claimed to be an indigent and desired appointed counsel on

---

1.  391 F.2d 287 (5th Cir. 1968).

2.  438 F.2d 1317 (5th Cir. 1970) (en banc), cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971).

3.  Stephen v. United States, 426 F.2d 257 (5th Cir. 1970) ; Grant v. United States, 424 F.2d 273 (5th Cir. 1970).

4.  438 F.2d at 1329.

5.  386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).

6.  *Id.* 386 U.S. at 260, 87 S.Ct. at 998, 18 L.Ed.2d at 36.

his appeal.[7]  Furthermore, Johnson pled guilty.  Under such circumstances there would have been no apparent reason to appeal and the trial court was under no constitutional obligation to advise Johnson of the right to a direct appeal,[8] or to the right of appointed counsel on appeal.

Affirmed.

---

7.  Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968) ; Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968).

8.  See Sexton v. United States, 446 F.2d 862 (5th Cir. 1971) ; Giles v. Beto, 437 F.2d 192 (5th Cir. 1971).