Richard MALONE,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 74–2683
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1975.

Rehearing and Rehearing En Banc
Denied July 9, 1975.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

William M. Dawson, Jr., Birmingham, Ala., Joseph L. Battle, Legal Aid Society of Madison County, Huntsville, Ala., Jack Greenberg, Stanley A. Bass, New York City, for petitioner-appellant.

William J. Baxley, Atty. Gen., Charles N. Parnell, III, Eric A. Bowen, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Ralph Lowenstein, Robert Plotkin, Richard C. Hand, Nat. Legal Aid & Defender Assn., Washington, D. C., amicus curiae.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

■ Richard Malone, tried and convicted of second degree murder in Alabama, was sentenced to twelve years of imprisonment on November 28, 1972. His retained counsel gave oral notice of appeal and Malone was enlarged on bond to await a decision by the Alabama Court of Criminal Appeals. No brief was ever filed with that court, however, and eventually, therefore, on June 14, 1973, his appeal was dismissed without opinion. After the dismissal of his appeal, Malone enlisted the aid of the Madison County, Alabama, Legal Aid Society and sought an out-of-time appeal by petition for writ of error coram nobis in the court in which he had been convicted. His petition complained he was denied rights guaranteed to him by the Fifth, Sixth and Fourteenth Amendments because (1) his retained counsel failed either to prosecute an appeal on his behalf or, knowing that he was indigent, to advise him of his right to appeal with the assistance of court-appointed counsel; and (2) the state trial court neglected to inform him of his right to an indigent appeal with assistance of court-appointed counsel. A hearing was held on the writ of error coram nobis, but the petition was denied because the court found that Malone was not indigent either when judgment was entered or during his abortive appeal.[1] This habeas corpus action followed.[2]

---

1. In his petition for habeas corpus Malone asked the court below to rehear this question, claiming that the Alabama court's finding was contrary to the evidence adduced at the coram nobis hearing. Since the court below denied habeas relief without an evidentiary hearing, Malone now asks us, at a minimum, to remand for such a hearing on this point. Our disposition of the case, however, makes an evidentiary hearing on Malone's indigency vel non unnecessary.

2. The State of Alabama maintains that Malone purposely by-passed available state remedies before seeking federal habeas corpus since he did not appeal the denial of his coram nobis petition. The denial, however, was entered on November 7, 1973, a week after the term of the Court of Criminal Appeals had expired. In the light of consistent holdings of the Alabama Court of Criminal Appeals that it has no power to hear out-of-time appeals after its term has expired, it would have been futile for Mal-

 The district court, which rendered its decision denying habeas relief before publication of our en banc decision in Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir. 1974), held that:

Petitioner now asserts that he was in fact indigent throughout the proceedings which resulted in his conviction. Petitioner alleges that all funds paid to his retained counsel were obtained by various loans. Assuming that Petitioner's allegations with respect to the source of the money he paid for retained counsel are correct, the fact remains that no court official was put on notice of the indigency of Petitioner during his trial or after conviction.

It is beyond dispute that an indigent defendant has a constitutional right to appeal and to have competent representation on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). There are however, different standards when a defendant is represented by retained counsel and when a defendant is represented by court-appointed counsel. Goforth v. Dutton, 5th Cir., 409 F.2d 651 (1969) "If the trial attorney was retained, it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal." Gregory v. United States, 5th Cir., 446 F.2d 498 (1971).

It is without dispute that Petitioner was represented by retained counsel and that neither the trial court nor any state official was put on notice of any allegation by Petitioner that he was indigent. Therefore, this court has no alternative except to deny the petition for habeas corpus. The denial of Petitioner's habeas corpus petition should not in any way be construed as

approval of the manner in which Petitioner was represented by retained counsel.

This holding correctly reflects the law of this circuit on the question of whether the Fourteenth Amendment, on either equal protection or due process grounds, or the Sixth Amendment requires that a state court inform a criminal defendant, convicted after a trial, that, if appeal is provided for by state law, he has the right to appeal[3] or, more specifically, that, if indigent, he has the right to appeal in forma pauperis, with court-appointed counsel. Malone claims that the failure of a court to so inform deprives the criminal defendant of his right to appeal; however, in Pate v. Holman, 341 F.2d 764, 775, modified on other grounds, 343 F.2d 546 (5th Cir. 1965), we held that:

Putting the cases together, we extract the following principles as controlling: At this point in the development of the law, an indigent's right to appellate counsel, which Douglas recognizes as an "absolute" right guaranteed under both the Equal Protection Clause and the Due Process Clause, is not absolute in the sense that the right to trial counsel is absolute. It is not necessary that the trial judge initiate action toward the appointment of appellate counsel by advising a convicted person of his rights or by making any inquiry as to his indigency, although such minimal action at the time of sentencing seems highly desirable. Compare the right of a defendant in a federal court under Rule 37(a)(2), Fed. R.Crim.P. For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the *State* deprived

one to have appealed the coram nobis decision since an out-of-time appeal was the relief which he sought. Wade v. State, 51 Ala.App. 441, 286 So.2d 317 (1973); Hines v. State, 48 Ala.App. 297, 264 So.2d 218 (1972); Ex Parte Hammonds, 45 Ala.App. 468, 231 So.2d 922 (1970); Ex Parte Hoback, 44 Ala.App. 613, 217 So.2d 826 (1969).

3. Mr. Malone does not contend that he was unaware of his right to appeal, it being established that his counsel told him an appeal would be taken and since he posted an appeal bond.

him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel. When an accused person retains counsel on the original trial, the State may rely on the presumption that the accused's lawyer will protect his client's rights on appeal. But that presumption is rebuttable.

We have consistently followed the rule of *Pate*, reaffirming our adherence to it as recently as Postel v. Beto, 508 F.2d 679 (5th Cir. 1975). Malone here has asked us to reconsider *Pate* and its progeny[4] and to overrule them. He points out that several circuits, most notably the Second, United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969) (en banc), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970), have rejected the rationale of *Pate* and have held that the Fourteenth Amendment requires a state court to inform a convicted defendant of his right to appeal as an indigent. Even were we inclined to abandon *Pate* and embrace Smith v. McMann, one panel of this court does not overrule the decisions of another, much less the decisions of many others.

 There remains the question of whether, under the standards laid down by Fitzgerald v. Estelle, *supra,* Alabama has denied Malone effective assistance of counsel. It is clear that neither the Alabama trial court nor any responsible state official knew or should have known of Malone's retained counsel's failure to inform his client of his right to appeal in forma pauperis with court-appointed counsel or that counsel's decision to drop (in effect) the appeal was against his client's will. Thus—keeping in mind that Malone's counsel was retained—in order to find state action we must find that the conduct of his counsel was "so grossly deficient as to render the proceedings fundamentally unfair." *Fitzgerald, supra,* 505 F.2d at 1337. This we cannot do in light of our holding in Postel v. Beto, supra, that a retained counsel's failure to appear for sentencing, or to appeal or advise his client of his right to appeal (at all, not just in forma pauperis with retained counsel) does not operate to deny him fundamental fairness.

Affirmed.

---

4. *E. g.,* Copeland v. Beto, 471 F.2d 710 (5th Cir. 1973); Johnson v. Wainwright, 456 F.2d 1200 (5th Cir. 1972); Fairris v. Beto, 446 F.2d 1290 (5th Cir. 1971); McGriff v. Wainwright, 431 F.2d 897 (5th Cir. 1971); Beto v. Martin, 396 F.2d 432 (5th Cir. 1968); Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968).