Isiah BENNETT, Petitioner-Appellant,

v.

STATE OF MISSISSIPPI, Respondent-Appellee.

Nos. 75–2213 and 75–2214 Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Mark H. Shenfield, American Civil Liberties Union, Jackson, Miss., for petitioner-appellant.

Timmie Hancock, Asst. Atty. Gen., A. F. Summer, Atty. Gen., Jackson, Miss., for respondent-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Petitioner, Isiah Bennett, was sentenced in Mississippi State Court to life imprisonment for murder. He is 41 years old and of limited education—third or fourth grade. He was represented at trial by retained counsel. The representation terminated after trial, and counsel did not file an appeal.

Bennett's petition for writ of error coram nobis was denied by the trial court, and the denial affirmed by the Mississippi Supreme Court. *Bennett v. State*, 293 So.2d 1 (Miss.1974). Bennett then filed a federal petition for habeas corpus contending that he was denied an appeal by the state because he was indigent and ignorant of the appellate process.

The critical issue is the legal effect of the following note sent by petitioner to the clerk of the state trial court within the time allowed by law for an appeal:

To Mr. Circuit Clerk

"Application for Records"
In Forma Pauperis

Sir.,

Comes now, Isiah Bennett, in accordance with Mississippi Annotated Code, # 2306, (1943) and also in accordance with the United States, Supreme Court, decision of Dec. 13–1971 concerning free court transcript's to be made available to Indigent's who are pursuing a higher cause of action, I, Isiah Bennett, do hereby make this Application for said transcripts; I, here-by do apply for a certified copy of all record's, papers', Judgment's, decree's, or entry's on file, lodged, or which shall still remain in your possession pertaining to the case of "State of Mississippi vs. Isiah Bennett.

Respectfully Submitted,
/s/ ISIAH BENNETT
In Proper Person

(Spelling and punctuation as in the original).

The note was crudely handwritten, obviously in writing other than that of Bennett, since Bennett's signature was in the nearly undecipherable scrawl of one barely capable of writing his own name. In response to the note the clerk furnished Bennett with copies of documents from the record proper but not a copy of the trial transcript, because under procedure then in effect in Mississippi a transcript had to be ordered from the court reporter within ten days of trial, and that time had expired.

■■ While the question is close, we think this note was sufficient to give notice to the state that Bennett was in-

digent, unrepresented, and desired to appeal, which required the state to appoint counsel for him. *Collier v. Estelle*, 488 F.2d 929, 931–932 (CA5, 1974); *Postel v. Beto*, 508 F.2d 679 (CA5, 1975). *See also*: *Langford v. Alabama*, 422 F.2d 760 (CA5, 1970); *Pate v. Holman*, 341 F.2d 764, 775 (CA5, 1965). The Supreme Court of Mississippi recognized the right of an indigent to counsel on appeal and held there was no duty on the trial court to *initiate an inquiry* into the desire of a convicted defendant such as Bennett to appeal and his financial capability to retain counsel for that purpose. That holding did not reach the issue raised by *Collier v. Estelle* and like cases and the court made no reference to that issue.

■ We disagree with the conclusion of the magistrate, adopted by the habeas judge, that the note was not sufficient notice to the clerk. We have no doubt that the clerk of the court is a "responsible state officer."

■ The state urges that the "higher cause of action" to which the note referred was the petition for a writ of error coram nobis that Bennett subsequently filed. In support of this argument the state points to Bennett's testimony at the state evidentiary hearing that he did not know he had a right to appeal, thus he could not have been communicating to the clerk a desire to "appeal." This argument is self-defeating. *Pate, Collier* and like cases insure that an indigent and uncounselled defendant who desires review of his conviction has counsel to advise and assist him. Bennett, who acted within the time for appeal and desired review and communicated that desire to a responsible state officer, cannot be entrapped in his own ignorance by requiring that he state in precise legal terms his desire for review. *Cf. State v. Langford, supra.*

■ At the state evidentiary hearing Bennett's counsel objected on attorney-client privilege grounds to Bennett's retained trial counsel's testifying to a conversation with Bennett concerning appeal. The objection was sustained. The federal rule does not permit assertion of the privilege in these circumstances. *U. S. v. Woodall*, 438 F.2d 1317 (CA5, 1970, en banc). This does not, however, require an evidentiary hearing in the federal court. The conversation was prior to trial. Regardless of its content, almost surely it could not rise to the level of a constitutionally effective waiver of the prospective right to appeal or of counsel on appeal.

Reversed and remanded for entry of an order requiring the state to grant petitioner an out-of-time appeal, with a full transcript and appointed counsel, or a timely retrial.