Antonio PEREZ, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.

No. 76–2219–CIV–SMA.

United States District Court, S. D. Florida.

Oct. 26, 1977.

On Petition for Rehearing and Motion for Stay Pending Appeal Dec. 1, 1977.

Bennett H. Brummer, Dade County Public Defender, Karen M. Gottlieb, Asst. Public Defender, Miami, Fla., for petitioner.

Sidney M. Pertnoy, Asst. Atty. Gen., Miami, Fla., Anthony C. Musto, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## ORDER

ARONOVITZ, District Judge.

Antonio Perez brings this Petition for Habeas Corpus attacking a seven year sentence imposed by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on August 14, 1975. Sentence was imposed pursuant to a jury verdict of guilty to the offense of robbery.

Petitioner is presently in the custody of the Respondent, Louie L. Wainwright, Secretary, Department of Offender Rehabilitation, State of Florida.

As the sole ground for relief, Petitioner alleges that his privately retained counsel failed to timely invoke the jurisdiction of the appropriate Florida appeals court after promising Petitioner to do so, rendering counsel's assistance ineffective and depriving Petitioner of due process of law.

The record reveals that Petitioner never appealed his conviction. Petitioner filed a Motion to Vacate and Set Aside Judgment pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which was denied on September 15, 1975. Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus

or in the Alternative Motion to Treat as Timely Notice of Appeal with the Florida District Court of Appeal, Third District. Such petition was denied on February 19, 1976.

The issue presented in the instant petition was not included in Petitioner's Motion to Vacate in the trial court, but was the gist of Petitioner's habeas petition in the Third District Court of Appeal. The Court of Appeal order dismissing the Petition stated: ". . . it is ordered that the said petition is denied as the petitioner was represented by private counsel at the time of trial." (Case No. 76–277). Based on these facts and the history of the Florida courts' treatment of the post-conviction claim of ineffective *private*, counsel, this court, in its previous order signed on September 1, 1977, rejected the respondent's contention that petitioner should be required to further exhaust state remedies. The court relied on *U.S. ex rel. Reis v. Wainwright*, 525 F.2d 1269 (5th Cir. 1976) for this position. The court further ordered that an evidentiary hearing be held before Magistrate Peter R. Palermo on October 12, 1977 in order to resolve factual disputes evident from the record. Significant to the court's determination, examination of the record and the findings of fact reveal that petitioner's privately retained counsel indicated to the state trial court at the sentencing proceeding that a notice of appeal had been filed, and further indicated to the petitioner subsequent to that proceeding that he would be prosecuting petitioner's appeal for him. No further contact was had between petitioner and his attorney, and no action was ever taken by counsel to perfect or prosecute petitioner's appeal. Petitioner was at all time indigent, albeit managed to obtain a private attorney at trial only through the assistance of his parents. He at all times relied on his attorney to perfect and prosecute his appeal.

Petitioner contends that his attorney's representation in open court that he had already filed a notice of appeal was sufficient to constructively notify the judge, the prosecutor or the clerk of counsel's ineffectiveness so as to imbue his subsequent deprivation of appellate rights with state action. Petitioner relies on *Cantrell v. Alabama*, 546 F.2d 652 (5th Cir. 1977) and *Flanagan v. Henderson*, 496 F.2d 1274 (5th Cir. 1974) to support his position. We cannot agree. Clearly, *Cantrell* involved a substantially greater degree of state involvement than present in the case at bar:

"The highest legal officer of the state, by a written motion, called to the attention of the Supreme Court and the appellant's retained counsel a defect which under Alabama law, if unremedied, would require that the appeal be dismissed without consideration of its merits. The Attorney General asked for and secured dismissal of the appeal because of the mistake." Id. at 654.

In *Flanagan*,

". . . [S]ince the default of one of his attorneys in properly perfecting a full appeal was promptly made known to the trial judge in the form of a request for extension of time to perfect a regular appeal, state involvement unquestionably is present here." Id. at 1278.

In the instant case, suffice it to say that the attorney's announcement in open court that he has filed a notice of appeal is insufficient to constructively apprise the court that a defendant's appellate right may not be perfected at all in the future.

However, the landmark case of *Fitzgerald v. Estelle*, 505 F.2d 1334, 1336 (5th Cir. 1974) provides that privately retained counsel may be ineffective within the purview of the Fourteenth Amendment's protections in another manner:

". . . [W]henever a lawyer's ineffectiveness has rendered a trial fundamentally unfair, . . . whether his action or inaction was known or unknown to state trial officials, a deprivation of Fourteenth Amendment due process results from enforcement of the resultant judgment."

*Postel v. Beto*, 508 F.2d 679 (5th Cir. 1975) was the first case to interpret *Fitzgerald* standards as applied to claims of ineffective privately retained appellate counsel. Peti-

tioner in that case claimed that the failure of his counsel to appear at sentencing and advise him of his right to appeal rendered his assistance ineffective. The Court held to the contrary:

"[W]e have carefully examined the record and determined that the District Court had ample basis for concluding that the actions of retained counsel did not operate to deprive the trial of fundamental fairness as required by the Fourteenth Amendment."

In *Malone v. Alabama*, 514 F.2d 77 (5th Cir. 1975), the court felt compelled by *Postel* to hold that counsel's conduct was not "so grossly deficient as to render the proceedings fundamentally unfair, "*Fitzgerald*, supra 505 F.2d at 1337." In *Malone*, retained counsel gave oral notice of appeal but failed to file a brief, resulting in the dismissal of his client's appeal without opinion. Finally, in *Kallie v. Estelle*, 515 F.2d 588 (5th Cir. 1975), retained counsel gave notice of appeal in open court but failed to pursue his client's appeal without notice when he realized he would not be paid what he considered a reasonable fee. Petitioner's appeal was dismissed as a result of counsel's failure to file an appellate brief. The court in *Kallie* felt bound by the decision in *Malone* to find that the petitioner was not denied fundamental fairness in the proceedings.

 In the instant case counsel announced in open court that a written notice of appeal had already been filed,* although no such notice was ever filed. This court finds this to be a crucial distinction from *Postel* and its progeny. Such an *active* course of conduct on the part of private counsel, can only be characterized, at the very least, as a wilful disregard for the responsibility placed upon him by the system, which served only to insure the depri-

vation of petitioner's appellate rights. Such unconscionable actions languish to the level of conduct of counsel "so grossly deficient as to render the proceedings fundamentally unfair."

For these reasons, it is

ORDERED AND ADJUDGED that unless the state appellate court grants Petitioner belated appeal of his conviction within ninety (90) days of this order, this Court will grant Petitioner's Writ of Habeas Corpus.

DONE AND ORDERED at Miami, Florida, this 26 day of October 1977.

#### On Petition for Rehearing and Motion for Stay Pending Appeal

Antonio Perez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with this Court's order of September 1, 1977, an evidentiary hearing was held on October 12, 1977 before United States Magistrate Peter R. Palermo. The petitioner and his father testified at the hearing. Petitioner's state court trial counsel, the subject of alleged incompetence, did not testify. The Magistrate set out his findings of fact and recommendation, which in substance reflected that private counsel advised the state trial court at sentencing that a notice of appeal had been filed, and further advised petitioner that he would represent him on appeal of his conviction. In addition, it was found by the Magistrate that no notice of appeal was ever filed, although petitioner continued to rely on private counsel to pursue the appeal, and at all times desired to appeal. Petitioner only found out that no notice of appeal had ever been filed subsequent to the requisite filing period. Petitioner has never been granted an appeal of his conviction by the State of Florida, and was indigent at all times subsequent to his convic-

---

* Florida Appellate Rule 6.4 mandates that an appeal may be taken only by filing with the clerk of the lower court a *notice in writing* that the appellant appeals from a judgment, order, ruling, or sentence, as the case may be.

Such a notice would be untimely as premature under Florida Appellate Rule 6.2 which provides:

Any appeal by the defendant from the judgment or sentence shall be taken within 30 days *after* the sentence is entered, provided that the defendant may take an appeal from the judgment within 30 days after the judgment is entered. (Emphasis added).

tion. Based on these findings, the Magistrate recommended to the undersigned that counsel's conduct rendered the proceedings fundamentally unfair, entitling petitioner to habeas corpus relief, as outlined in *Baggett v. Wainwright*, 229 So.2d 239 (Fla. 1969). The undersigned, after an independent review of the record and applicable law in this Circuit, ordered on October 26, 1977 that unless the state appellate court grants petitioner a belated appeal within ninety days, the Writ of Habeas Corpus will issue. Respondent has now filed a Petition for Rehearing or Alternatively, Motion for Stay Pending Appeal.

Respondent presents two factors for this Court's consideration. First, respondent contends that *Williams v. State*, 324 So.2d 74 (Fla.1975) colors private counsel's representation to the state court at sentencing in a different light than described in this Court's previous order. Specifically, respondent argues that counsel's representation should be viewed simply as a case of "mistaken impression." The Court is unpersuaded by this argument. Initially, the Court notes that *Williams v. State, supra* was decided on December 3, 1975 while the proceeding at which private counsel asserted a notice of appeal had been filed was held on August 14, 1975. Moreover, suffice it to say that "premature" as utilized in the context of *Williams, supra* is inapposite to the case at bar. Herein, counsel's assertion implied that a notice of appeal had been filed prior to the adjudication of guilt and pronouncement of sentence. *Williams, supra*, even if applicable, does not illustrate that if counsel had filed the notice of appeal prior to the sentencing proceeding, it could have been treated as timely filed.

■ More importantly, counsel's conduct only served to insure that the petitioner would be denied his right to appeal his conviction. The sentencing transcript reveals that immediately following the court's adjudication of guilt and pronouncement of sentence, private counsel stated the following:

THE COURT: . . . I'll adjudicate the defendant guilty, sentence him to seven years in the State prison.

MR. NEGRETTI: Your Honor, at this time, Judge, we already filed a notice of appeal. We ask for a supersedeas bond.

The transcript goes on to reveal that the trial judge never informed the petitioner concerning his rights of appeal, contrary to Florida Rule of Criminal Procedure 3.670.[1] In this Court's view, counsel, by his misrepresentation, foreclosed whatever potential may have then existed for compliance by the trial judge with Rule 3.670. As a practical matter, any likelihood of inquiry by the court or manifestation of indigency and desire to appeal by the petitioner necessary to invoke the mandate of *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) was substantially lessened by this false representation. The sensitive and crucial nature of the stage of the proceedings at which counsel's misrepresentation occurred needs no further elaboration. For these reasons, the Court concludes that counsel's conduct was indicative of a wilful or, at least, reckless disregard of petitioner's rights, and the responsibility placed upon an attorney by the system. As we previously stated, "such unconscionable actions languish to the level of conduct of counsel 'so grossly deficient as to render the proceedings fundamentally unfair.'" See *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975).

■ Secondly, respondent contends that petitioner can only be granted relief if the State was apprised of the deficiency of counsel's representation, citing *Malone v.*

---

1. In pertinent part, Rule 3.670 provides: "When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation or revokes probation, he shall forthwith inform the defendant concerning his rights of appeal therefrom, including the time allowed by law for taking an appeal." As to the effect of noncompliance with this rule, see *Nichols v. Wainwright*, 243 So.2d 430 (Fla.App.2d 1971); compare with *Baker v. State*, 224 So.2d 331 (Fla.App.3d Dist. 1969). The Supreme Court of Florida has not taken a stand on the substantive effect of a literal noncompliance with 3.670 *Robinson v. Wainwright*, 245 So.2d 867 (Fla. 1971).

*Alabama,* 514 F.2d 77 (5th Cir. 1975). Again, respondent's argument is without merit. This Court's ruling is based on the law in the Fifth Circuit as established in *Fitzgerald v. Estelle, supra* at 1336:

". . . whenever a lawyer's ineffectiveness has rendered a trial fundamentally unfair, whether he be retained or appointed and whether his action or inaction was known or *unknown* to state officials, a deprivation of Fourteenth Amendment due process results from enforcement of the resultant judgment." (emphasis supplied)

*Malone, supra,* did not alter the standard articulated in *Fitzgerald.*

■ Finally, respondent has requested this Court to reconsider its ruling on the merits in light of a ruling by another judge in this district on a case similar to this one. In *Taylor v. Wainwright,* Case No. 77–373–Civ–JLK, Judge Lawrence King dismissed a federal habeas petition alleging ineffective private appellate counsel so that petitioner could further exhaust state remedies by seeking relief in the Florida Supreme Court. However, the instant case is distinguishable from the *Taylor* case. At page 5 of his order, Judge King stated that "although petitioner attempted to litigate the question of ineffective private counsel in his petition filed with the Third District, the response by the State and the findings of the Commissioner indicated that only the question of a state action denial of petitioner's right to appeal was ever seriously considered." Judge King therefore concluded that the problem of res judicata would not present itself if Taylor presented his claim to the Florida Supreme Court. See *Jenkins v. Wainwright,* 322 So.2d 477 (Fla.1975). However, in the instant case the District Court of Appeal summarily denied petitioner's Petition for Habeas Corpus based on the fact that petitioner was represented by private counsel at trial. In addition, the decision of the District Court reaffirms the position that the Florida courts have taken in regard to claims of ineffective private counsel since 1967 in *Cappetta v. Wainwright,* 203 So.2d 609 (Fla.1967). In *U. S. ex rel. Reis v. Wainwright,* 525 F.2d 1269 (1976), the Fifth Circuit, although giving weighty consideration to principles of comity, would not require the petitioner therein to bring his claim of incompetent trial counsel before the Florida appellate courts. Similarly, given the posture of the case at bar, this Court cannot countenance what in all likelihood amounts to a waste of judicial energy, both state and federal.

Petitioner's Petition for Rehearing is therefore denied.

■ The question of whether to grant a stay of this Court's order pending an appeal of the merits rests on a consideration of four factors: 1) the likelihood of success on the merits; 2) whether the movant will suffer irreparable injury if a stay is not granted; 3) whether other parties will be substantially harmed if a stay is granted; and 4) the dictates of the public interest. *Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir. 1968); *Virginia Petroleum Job. Ass'n v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). These factors apply when a stay is sought, as in this case, pursuant to Rule 8 of the Federal Rules of Appellate Procedure. *Beverly v. United States,* 468 F.2d 732 (5th Cir. 1972). As to the first factor, there appears to be a reasonable chance of success on appeal. Without compromising on what this Court considers to be a sound distinction from prior Fifth Circuit law on the subject,[2] the Court notes that the Fifth Circuit has not yet granted habeas relief on a claim of ineffective appellate private counsel without a demonstration of "state action." *Postel v. Beto, supra; Malone v. Alabama, supra; Kallie v. Estelle, supra.* Secondly, there is no question that if the stay is not granted the respondent will be precluded from appealing this decision on the merits, due to the time limitation imposed. Thirdly, the harm

---

2. *Postel v. Beto,* 508 F.2d 679 (5th Cir. 1975); *Malone v. Alabama,* 514 F.2d 77 (5th Cir. 1975); *Kallie v. Estelle,* 515 F.2d 588 (5th Cir. 1975).

to other parties does not appear to be substantial, as petitioner is not without appropriate remedy to counterbalance any harm he may suffer from a delay pending appeal. Finally, the dictates of the public interest mandate that the state be permitted an appeal of this case.

For the above stated reasons, it is

ORDERED AND ADJUDGED that the Petition for Rehearing is DENIED, and the Motion for Stay Pending Appeal is GRANTED. This Court's previous order signed on October 26, 1977 is in all respects reaffirmed.