EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a mother’s appeal from a juvenile court judgment which terminated her parental rights to two of her children.
In seeking the permanent custody of the children and the termination of parental rights, the petition of the Department of Pensions and Security of Madison County (D.P.S.) averred that the two children were dependent and in need of supervision. The mother was represented in the juvenile court by an attorney of her own choosing. After an extensive trial, the final judgment, which terminated parental rights, was entered on July 7, 1983. The mother’s trial attorney filed a motion on August 2, 1983, which averred that the mother desired to appeal from the final judgment and that she was indigent. She requested that the trial court appoint an attorney to represent her upon an appeal and that a free transcript be provided to her. By an order dated August 10, 1983, the trial court appointed an attorney for the mother upon appeal, but denied her request for a free transcript pending the resolution of the question as to whether her appeal was un *1268 timely.[1] Her appointed appellate counsel filed a notice of appeal on August 22, 1983. In its first motion to dismiss, the D.P.S. moved that this appeal be dismissed on the ground that the notice of appeal was not timely filed. A submission of this matter did not occur until March 15, 1985.
Whenever a juvenile court terminates parental rights because the children are dependent or in need of supervision, a notice of an appeal must be filed within fourteen days after the entry of the judgment. Wright v. Montgomery County Department of Pensions and Security, 423 So.2d 256 (Ala.Civ.App.1982). Regardless of whether the mother’s notice of appeal was filed on August 2, 1983, or on August 22, 1983, it was filed more than fourteen days after July 7, 1983, the date of the entry of the final judgment. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), A.R.A.P.
The mother contends that the trial court erred in failing to advise her that she had the right to take an appeal within the fourteen-day period and in not informing her of her rights to the appointment of counsel and to a free transcript if she was then indigent.
We do not agree that a federal or Alabama constitutional right exists for a losing parent to receive such advice in such a civil case. While § 12-15-63(b) of the Code of Alabama 1975 provides that parents shall be informed in dependency cases of their right to be represented by counsel and of an indigent’s right to free counsel, the legislation as to advice stops there and no legislation or court rule or decision in Alabama requires that advice as to such appellate rights be provided by the trial court to such a parent.
Additionally, even if the trial court had the duty to advise the mother of her appellate rights, we cannot discern as to how it would have any present application, due to the following circumstances of this case.
First, there is an absence of anything in the transcript and record, and nothing has been filed in this court which indicates in any manner that the mother’s filing of an untimely notice of appeal was occasioned by the trial court’s failure to inform her of those rights. In fact, the mother’s brief merely argues that her constitutional rights were violated by the trial court in not advising her of those rights. Yet, no contention or argument is contained therein that she failed to file her notice of appeal within fourteen days because the trial court did not provide her with that appeal advice.
Second, the mother was well represented in the trial court by retained legal counsel of her choice. It has been held that due process did not require an Alabama trial court to inform the defendant of his appeal rights where he was represented by retained counsel during the trial. Malone v. State of Alabama, 514 F.2d 77 (5th Cir.1975). Although Rule 9 of the Alabama Rules of Criminal Procedure presently requires a trial court to advise a defendant of his appeal rights at the time that the defendant is sentenced, there is no corresponding appellate, civil, district court or juvenile court rule.
For the above reasons, we cannot hold that the mother’s failure to timely appeal this civil action was excused because of the failure of the trial court to advise her of her rights as to an appeal.
The mother’s notice of appeal was not filed within the required period of fourteen days from the date that the final judgment was entered by the trial court, and we have no alternative but to comply with Rule 2(a)(1), supra. The first motion of D.P.S. to dismiss the appeal is well taken and is granted, while a decision is pretermitted *1269 upon the other motions of D.P.S. to dismiss.
The appeal is hereby dismissed, since a notice of appeal was not timely filed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
APPEAL DISMISSED.
All the Judges concur.

. This court subsequently ordered the trial court to provide a transcript to the mother, which has been done.